UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD WOODS and PATRICIA
WOODS, on their own behalf and on
behalf of their minor child, T.W.,　　　　　　　　　Case No. 1:09-cv-243

　　　　Plaintiffs/Counter-Defendants,　　　　　　HON. JANET T. NEFF

v

NORTHPORT PUBLIC SCHOOL and
NORTHPORT PUBLIC SCHOOL
BOARD OF EDUCATION,

　　　　Defendants/Counter-Claimants.
_____/

**OPINION AND ORDER**

Pending before the Court in this action brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, is plaintiffs' Motion to Strike Certain Affirmative Defenses (Dkt 12). Defendants filed a response in opposition (Dkt 19). The Court determines that the motion is properly denied.

On March 18, 2009, plaintiffs filed the instant action, seeking a declaratory judgment of their status as prevailing parties and full reimbursement from defendants of their reasonable attorney fees, costs, and pre-judgment and post-judgment interest. Plaintiffs filed a First Amended Complaint on April 30, 2009. On May 1, 2009, defendants filed a counterclaim, appealing a number of the factual findings and legal rulings in the hearing officer's February 2, 2009 Decision and Order. Part of defendants' responsive pleading also consisted of their answer and affirmative defenses, albeit to

plaintiffs' initial complaint. In their motion at bar, plaintiffs seek to have this Court strike eight of defendants' eleven claimed affirmative defenses.

Pursuant to FED. R. CIV. P. 8(c)(1), a party must set forth affirmative defenses in a responsive pleading. Pursuant to FED. R. CIV. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is "well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted); *Williams v. Provident Inv. Counsel, Inc.,* 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003) (quoting *Brown*).

Plaintiffs challenge the merits and request dismissal of affirmative defenses three through six (Dkt 13 at 4-8). Plaintiffs opine that these affirmative defenses, if not stricken, will "protract and complicate the litigation" (*id.*). However, as defendants point out, plaintiffs' argument as it relates to each of these defenses is premature (Dkt 19 at 4-7). The Court will determine prevailing party status in conjunction with its review of the merits of the hearing officer's Decision and Order. *See, e.g., Troy v. Boutsikaris,* 317 F. Supp. 2d 788 (E.D. Mich. 2004); *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Ed.,* No. 5:06-cv-139, 2008 WL 2397631 (W.D. MI. June 11, 2008).

Plaintiffs also request dismissal of affirmative defenses three, four, five, six, eight and nine because these defenses allegedly fail to meet the pleading requirements of FED. R. CIV. P. (8)(b) (Dkt 13 at 4-9). Defendants admit that the details supporting the affirmative defenses do not appear in the affirmative defenses section of their responsive pleading but correctly point out that those details do appear elsewhere in their pleading (Dkt 19 at 8). "'An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature

2

of the defense.'" *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1274 (3d ed. 2010)). *See, e.g., Montgomery v. Wyeth,* 580 F.3d 455, 467-68 (6th Cir. 2009) (holding that the defendant's statute-of-repose defense satisfied the pleading standard of Rule 8 where the defendant's answer stated that the consumer's causes of action were barred in whole or in part by the applicable statutes of limitations and repose and where the defendant's affirmative defenses included the defenses of the Tennessee Products Liability Act). Defendants' responsive pleading, as a whole, gives plaintiffs sufficient notice of the nature of their affirmative defenses in this case.

Last, plaintiffs request dismissal of affirmative defenses ten and eleven because the defenses relate to conduct by a party not before the Court, the State Office of Administrative Hearings (Dkt 13 at 9-10). Acknowledging that the school district may not generally assert a private cause of action against the state agency under the IDEA, defendants respond that they should nevertheless not be precluded from asserting, as a matter of equity, a defense based on the conduct of those agencies, conduct defendants opine resulted in delays and increases in the costs of this litigation (Dkt 19 at 11). The Court agrees that the defenses are material to this Court's determination on whether to award plaintiffs full reimbursement from defendants of their reasonable attorney fees, costs, and pre-judgment and post-judgment interest.

**THEREFORE, IT IS HEREBY ORDERED** that plaintiff's Motion to Strike Certain Affirmative Defenses (Dkt 12) is DENIED.

Date: June 3, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge